# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**
**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-73**   (JCN: 2012027687)

**DUSTIN J. HARSHEY,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc. ("Murray") appeals the February 1, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Dustin J. Harshey filed a response.[1] Murray did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied Mr. Harshey's application for permanent total disability ("PTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 20, 2012, Mr. Harshey sustained injuries to his right lower extremity, left leg, head, ribs, spleen, left hip, and pelvis when he was struck by a ram car. Per the physician's section, it was reported that Mr. Harshey sustained multiple injuries as a direct result of an occupational injury. The claim administrator issued an order dated March 9, 2012, which held the claim compensable for concussion with no loss of consciousness; contusion of lung without open wound into thorax; traumatic pneumothorax, closed; and fracture sacrum/coccyx, closed.

The claim administrator issued an order dated May 24, 2012, adding post-traumatic stress disorder ("PTSD") and major depression disorder as compensable conditions of the claim. On April 26, 2013, the claim administrator issued an order adding tear of medial cartilage or meniscus of knee and traumatic arthropathy of the lower leg as compensable

---

[1] Murray is represented by Aimee M. Stern, Esq. Mr. Harshey is represented by Robert F. Vaughan, Esq.

conditions of the claim. The claim administrator issued an order dated March 7, 2014, which granted Mr. Harshey a 14% permanent partial disability ("PPD") award for his psychiatric diagnoses based upon the report of Kari-Beth Law, M.D. A Work Capacity Evaluation dated July 8, 2014, indicated that Mr. Harshey's functional limitations restrict him to sheltered employment at a light physical demand level. The report found that Mr. Harshey was non-feasible for competitive employment.

Lawson F. Bernstein, M.D., evaluated Mr. Harshey on September 5, 2014. Dr. Bernstein assessed PTSD, moderate in severity, work-related, partially treated; pain disorder associated with traumatic injury, moderate in severity, partially treated; mood disorder due to multiple traumatic injuries including traumatic brain injury ("TBI"), moderate in severity, partially treated; rule out sleep disorder due to obstructive sleep apnea syndrome, and status post jaw reconstruction, trauma related. Dr. Bernstein opined that Mr. Harshey was unable to pursue gainful employment at this time and that his overall prospects for gainful employment in the future were minimal.

On November 10, 2015, the claim administrator issued an order granting Mr. Harshey a 39% PPD award for his orthopedic injuries based upon the report of David L. Soulsby, M.D. Mr. Harshey protested this order. On December 4, 2017, the claim administrator issued a notice advising Mr. Harshey that per the Decision of Administrative Law Judge dated November 15, 2017, he was being granted an additional 10% PPD award for a total orthopedic award of 49%. On May 30, 2019, the Supreme Court of Appeals of West Virginia affirmed the grant of the additional 10% PPD award. *See Murray American Energy, Inc. v. Harshey*, No. 18-0676, 2019 WL 2406702 (W. Va. May 30, 3019) (memorandum decision).

On June 18, 2019, Mr. Harshey filed an application for PTD benefits, alleging he met the 50% permanent partial disability threshold to proceed with a permanent total disability claim.[2] In response, Mr. Harshey was referred to Marsha Bailey, M.D., to determine whether Mr. Harshey met the 50% permanent partial disability threshold. In Dr. Bailey's August 11, 2020, evaluation, she assessed a right comminuted and displaced distal femur fracture; a right comminuted and displaced midshaft tibia fracture and right comminuted and displaced fibular fracture; a splenic laceration with a small to moderate hemoperitoneum; a left posterior hip dislocation; multiple pelvic fractures including a left comminuted pubic bone fracture, left comminuted sacral body fracture with extension into and widening of his left SI joint and possible widening of his right SI joint as well as a pelvic hematoma; multiple rib fractures, including right ribs four through seven and left

---

[2] Murray contested the timeliness of filing of Mr. Harshey's application for PTD. The Supreme Court of Appeals of West Virginia concurred with the Board finding that the application was timely filed. *See Murray American Energy, Inc. v. Harshey*, No. 20-0716, 2022 WL 4299577 (W. Va. Sept 19, 2022) (memorandum decision).

ribs five through seven as well as rib nine with a small left pneumothorax and a right pulmonary contusion; fractures to his lumbar spine including right transverse process fractures of L2 and L3 as well as a fracture of the spinous process of S1 with an injury to his sacral plexus (spinal cord injury) that resulted in a left foot drop; and a right knee moderate to large lipohemathrosis and comminuted and displaced tibial plateau fracture with articular incongruity (possible extension into the joint space) with posttraumatic arthropathy of his right knee as well as a torn right medial meniscus and torn right ACL. Dr. Bailey opined that there was no medical evidence to support the compensable diagnoses of concussion without loss of consciousness and TBI. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*") and West Virginia Code of State Rules § 85-20 ("Rule 20"), Dr. Bailey opined that Mr. Harshey had a total whole person impairment ("WPI") of 36% due to the compensable injury. Dr. Bailey opined that despite the significant impairment Mr. Harshey was not permanently totally disabled.

On January 12, 2021, Mr. Harshey was evaluated by Timothy Thistlethwaite, M.D., a psychiatrist, on behalf of Murray. Dr. Thistlethwaite diagnosed Mr. Harshey with PTSD, in partial remission; mild neurocognitive disorder due to TBI with behavioral disturbance; personality disorder, unspecified; and somatoform disorder, not otherwise specified. Dr. Thistlethwaite found that Mr. Harshey had reached maximum medical improvement for his psychiatric conditions. Using Rule 20, Dr. Thistlethwaite opined that Mr. Harshey had a 15% WPI due to his psychiatric related injuries.

Mr. Harshey underwent a Functional Capacity Evaluation on December 7, 2021. The report indicated that Mr. Harshey did not demonstrate the ability to perform the majority of the essential functions/physical demands of his previous occupations. The report further indicated that he tested at the medium physical demand level of 20-40 pounds on an occasional basis.

On December 29, 2021, Erin W. Saniga, M.Ed., CRC, LPC, completed a PTD Rehabilitation Evaluation Supplemental Report. Based upon Mr. Harshey's vocational history, the general educational development of those positions, skills, and abilities associated with those positions, and his physical capabilities, Ms. Saniga opined that a transferable skills analysis resulted in the identification of 322 occupation matches. Ms. Saniga conducted a labor market survey within Mr. Harshey's region of residence and opined that there were appropriate positions for which he would be considered qualified or could become qualified upon completion of an on-the-job training program and/or short-term training program designed to provide basic computer and typing skills. Ms. Saniga opined that Mr. Harshey was not permanently totally disabled as a result of the compensable injury.

On behalf of Murray, Dr. Bailey conducted a medical review and issued a report dated May 24, 2022. After a review of the records, Dr. Bailey opined that Mr. Harshey was not permanently totally disabled. Dr. Bailey opined that the total combined WPI of Mr. Harshey's orthopedic and neurologic injuries, 36% WPI, and psychiatric injuries, 15% WPI, was 46%. Thus, Dr. Bailey opined that Mr. Harshey had not met the threshold for PTD and recommended the denial of his Application for Permanent Total Disability Benefits. On August 2, 2022, Murray issued an order denying a PTD award based on a finding that Mr. Harshey was not permanently and totally disabled from returning to gainful employment.[3] Mr. Harshey protested this order to the Board.

Daniel C. Baierl, MS, CLCP, ABVE-Fellow, completed a Vocational Assessment of Mr. Harshey dated February 17, 2023. Mr. Baierl considered Mr. Harshey's work history, work environment, specific vocational preparation, general educational development, and estimated functional capabilities as defined by the FCE performed on December 7, 2021. Mr. Baierl opined that due to Mr. Harshey's cognitive and psychological barriers resulting from the compensable injury, it was not reasonable to conclude that he could be successfully retrained. Mr. Baierl opined that Mr. Harshey was permanently totally disabled and unable to engage in any type of substantial gainful activity within a 75-mile radius of his home as a result of the compensable injury.

On February 1, 2024, the Board reversed Murray's order which denied Mr. Harshey's application for PTD benefits and remanded the claim to the claim administrator with instructions to issue new initial recommendations affording Mr. Harshey a 30-day opportunity to respond in writing to the reviewing body, and thereafter, ordering Murray to process the application in conformity with W. Va. Code § 23-4-6. The Board found that the Murray improperly processed the claim. Murray now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

---

[3] The August 2, 2022, order references June 21, 2022, initial recommendations. However, no June 21, 2022, initial recommendations were submitted to this Court. Murray's arguments suggest that Dr. Bailey issued initial recommendations on May 24, 2022, in the form of her record review, and that Dr. Bailey is Murray's "reviewing body," as defined in West Virginia Code § 23-4-6(i) (2005).

4

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Murray argues that the Board erred in finding that the application for PTD benefits was improperly processed by Murray, as Mr. Harshey did not raise that argument, and as such Mr. Harshey waived that argument. Murray further argues that the Board erred in failing to issue a substantive ruling based upon the record before it, which clearly shows that Mr. Harshey does not meet the requirements for an award of PTD benefits. Finally, Murray argues that Dr. Bailey was acting as its PTD Review Board, and she received no evidence from Mr. Harshey that would cause her to change her initial recommendations.[4]

West Virginia Code § 23-4-6(n)(1) (2005) provides:

[I]n order to be eligible to apply for an award of permanent total disability benefits for all injuries incurred and all diseases, including occupational pneumoconiosis, regardless of the date of last exposure . . . . a claimant: (A) Must have been awarded the sum of fifty percent in prior permanent partial disability awards; (B) must have suffered a single occupational injury or disease which results in a finding by the commission that the claimant has suffered a medical impairment of fifty percent; or (C) has sustained a thirty-five percent statutory disability pursuant to the provisions of subdivision (f) of this section.

West Virginia Code § 23-4-6(j)(5) requires that self-insured employers and private carriers perform all the administrative and adjudicatory functions of the former Office of Insurance Commissioner PTD Review Board as a "reviewing body" and to employ or otherwise engage adequate resources, including medical professionals, to perform the functions of the PTD Review Board.

Here, the Board found that Murray improperly processed this claim under West Virginia Code § 23-4-6(j)(5). The Board noted that the record failed to demonstrate that any final recommendations were submitted by any board and/or physician or that Mr. Harshey was given a thirty-day opportunity to respond to any initial recommendations.

---

[4] Dr. Bailey's initial recommendations were not submitted to the Board as evidence.

Upon review, we find that the Board was not clearly wrong in finding that Murray improperly processed this claim under West Virginia Code § 23-4-6(j)(5). As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing Murray's order denying Mr. Harshey's application for PTD benefits. Additionally, we find no merit in Murray's argument that the Board inappropriately made a finding that it improperly processed the PTD application.

The instant case is similar to *Consol of Kentucky, Inc. v. Bentley*, No. 23-ICA-321, 2024 WL 1729985 (W. Va. Ct. App. April 22, 2024) (memorandum decision), in which this Court found that the self-insured employer, in its capacity as a reviewing body, failed to comply with West Virginia Code § 23-4-6(n)(1) and did not engage "adequate resources including medical professionals to perform the evaluative and independent deliberative functions" of the former PTD Review Board. This Court further found in *Consol*, that the self-insured employer in its capacity as a reviewing body failed to comply with West Virginia Code § 23-4-6(j)(5) by not providing an initial written recommendation together with reasoning to the claimant for a 30-day review. Moreover, pursuant to *Consol of Kentucky,* Dr. Bailey alone cannot constitute a reviewing body that issues initial and final recommendations in adjudicating Mr. Harshey's PTD claim.

Accordingly, we affirm the Board's February 1, 2024, order.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear